NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 21 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> ATTILA COLAR, AKA Sharieff Dahood Bey, AKA Sharieff Pasha, AKA Georgi Petrakov, AKA Dahood Shariff Bey, <br><br> Defendant - Appellant. | Nos. 23-2939, 24-396 <br><br> D.C. No. 4:21-cr-00163-HSG-1 <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Haywood S. Gilliam, Jr., District Judge, Presiding

Argued and Submitted March 11, 2026
San Francisco, California

Before: H.A. THOMAS and JOHNSTONE, Circuit Judges, and VERA, District Judge.[**]

Attila Colar appeals the district court's denial of his motion for acquittal,

challenging the sufficiency of the evidence for his convictions for aggravated

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Hernan Diego Vera, United States District Judge for the Central District of California, sitting by designation.

identity theft under 18 U.S.C. § 1028A(a)(1); witness tampering under 18 U.S.C. §§ 1512(b)(1), (b)(2)(D); and conspiracy to commit witness tampering under 18 U.S.C. § 1512(k). We have jurisdiction under 28 U.S.C. § 1291. We affirm the denial of the motion.[1]

We review de novo the sufficiency of the evidence supporting a criminal conviction. *United States v. Grovo*, 826 F.3d 1207, 1213 (9th Cir. 2016). In doing so, we view the evidence "in the light most favorable to the prosecution" to determine whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Nevils*, 598 F.3d 1158, 1161 (9th Cir. 2010) (en banc) (citation modified).

1.     Sufficient evidence supports the convictions for aggravated identity theft because Colar's use of M.B. and B.W.'s identities was "at the crux of what makes the underlying offense criminal." *Dubin v. United States*, 599 U.S. 110, 114 (2023).

For Counts 29 through 32, which correspond to the four June 2020 Paycheck Protection Program ("PPP") applications, a rational juror could find that Colar's use of M.B. and B.W.'s names was at the crux of the fraud. A government witness

---

[1] In a concurrently filed opinion, we reverse Colar's convictions and remand for new trial. *See United States v. Lewis*, 787 F.2d 1318, 1323 (9th Cir. 1986) ("Even though we reverse that conviction, we must address the sufficiency of the evidence supporting it, for if the evidence were insufficient, retrial is barred by the Double Jeopardy Clause.").

testified that the application required disclosure of "any felony involving fraud, bribery, embezzlement, or false statement in a loan application or an application for federal financial assistance" within the last five years. If the applicant answered yes to that question, the applicant was not eligible for a PPP loan. The government presented evidence that in November 2015, Colar was convicted of several felonies relating to fraud and tax evasion. Sufficient evidence shows that the misuse of M.B. and B.W.'s identities on the PPP loan applications "lay at the crux because the defendant could not otherwise have presented a successful [PPP loan application], which was necessary for [his] fraudulent scheme." *Motley*, 168 F.4th at 600–01; *see United States v. Parviz*, 131 F.4th 966, 970–01 (9th Cir. 2025).

For Count 33, which corresponds to the February 2021 PPP application, a rational juror could also find that Colar's use of B.W.'s identity was at the crux of the fraud. B.W. testified that he did not submit that application. Combined with evidence that Colar maintained a cell phone labeled "[B.W.] with Family Investment Group," and impersonated B.W. during lender calls, a rational juror could infer that Colar forged B.W.'s signature and held himself out as B.W. to Lendio. That was "impersonating use" of identifying information that "involved fraud as to 'who' was making the [loan-related] representations," which was at the crux of the fraud. *Parviz*, 131 F.4th at 972; *see United States v. Gagarin*, 950 F.3d 596, 603–04 (9th Cir. 2020) (holding sufficient evidence where defendant's

forgery of her cousin's signature "falsely conveyed the impression that [the cousin] herself certified" that the information provided in an insurance application was true); *Motley*, 168 F.4th at 601 (forging another's signature on a fraudulent application "constitute[d] a separate form of fraud").

2. Sufficient evidence supports the Count 48 witness-tampering conviction. *See* 18 U.S.C. § 1512(b)(1). The parties dispute whether obstructive conduct was directed at M.B. or at Dr. Gohil, but the evidence is sufficient under either theory.

A rational juror could find that Colar engaged in obstructive conduct toward M.B. The government presented evidence that Colar caused M.B. to execute a power of attorney substituting a "Louis Leneir" for M.B.'s daughter and thereafter controlled communications purportedly from M.B. or Leneir to M.B.'s attorney, Betty Williams. The evidence also shows that Colar caused Williams to inform the government that M.B. was "surprisingly" willing to testify while his partner instructed the doctor not to speak with Williams after the doctor wrote a letter representing that M.B. was unable to appear.

A rational juror could also find that Colar engaged in obstructive conduct toward Dr. Gohil. Dr. Gohil testified that a person claiming to be M.B.'s close family member called him and asked him to write a letter stating that M.B. could not participate in court proceedings due to cognitive impairment and that he relied

on those representations. Given the government's evidence of Colar's established pattern of impersonation, control over communications with Williams, and role in the transmission of the completed letter to Williams for delivery to the government, a rational juror could infer that Colar was the unidentified caller. *Nevils*, 598 F.3d at 1167.

3. Sufficient evidence supports the Count 49 witness-tampering conviction. *See* 18 U.S.C. § 1512(b)(2)(D). Colar argues that his conduct could not have corruptly persuaded M.B. to be absent from the grand jury proceeding under *United States v. Doss*, 630 F.3d 1181, 1190 (9th Cir. 2011), because M.B. possessed a Fifth Amendment privilege not to testify.

First, *Doss*'s privilege framework does not apply. *Id.* at 1190 (persuading a witness to withhold testimony does not implicate § 1512(b)(2)(D) where a witness exercises a right to remain silent, absent "some *other* wrongful conduct, such as coercion, intimidation, bribery, suborning perjury, etc."). Count 49 charged Colar with causing M.B.'s physical absence from the grand jury proceeding, not with encouraging M.B. to invoke a privilege upon appearing. As a subpoenaed witness, M.B. was required to appear. *See United States v. Calandra*, 414 U.S. 338, 345–46 (1974) (the Fifth Amendment protects against compelled self-incriminating testimony without a "co-extensive" grant of immunity at the proceeding, not against attendance itself).

Second, the government presented evidence of wrongful conduct. *Doss*, 630 F.3d at 1190. When the FBI was looking to have M.B. testify, Colar instructed his partner to post signs on M.B.'s residence falsely stating that M.B. was no longer there and that the property was under quarantine as well as moved M.B. among multiple locations to conceal him from the FBI. A rational juror could find this conduct constituted "corruptly persuad[ing]" M.B. to be absent from the grand jury proceeding. 18 U.S.C. § 1512(b)(2)(D); *see Doss*, 630 F.3d at 1190–91.

4.      Colar challenges his conspiracy conviction under 18 U.S.C. § 1512(k) contingent on the substantive witness-tampering counts. Because we hold the evidence sufficient on those counts, we affirm the conspiracy conviction.

**AFFIRMED.**